IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,354






EX PARTE ROY RICE BLUE, SR., Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 902446 IN THE 262ND JUDICIAL DISTRICT COURT OF
HARRIS COUNTY





 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq. Applicant pleaded guilty
to the felony offense of sexual assault of a child with no agreed punishment recommendation,
and punishment was assessed at twenty-five years' confinement. Applicant's conviction was
affirmed on direct appeal. Blue v. State, No. 14-02-00536-CR (Tex. App. - Houston [14th],
delivered June 19, 2003, pet. ref'd).

 Applicant contends, inter alia, that his twenty-five year sentence is illegal. The record
indicates that Applicant was indicted for and pleaded guilty to sexual assault of a child, a
second degree felony with a punishment range of two to twenty years. Tex. Pen. Code
§22.011. Neither the indictment nor the judgment contained any enhancement allegations.

 The trial court entered findings of fact and conclusions of law, finding that Applicant
was admonished as to the range of punishment for aggravated sexual assault of a child, a first
degree felony. Tex. Pen. Code §22.021. The written admonishments in the record support
the trial court's findings. Based on the written admonishments and on affidavits from
defense counsel and the trial prosecutor, the trial court concludes that Applicant knew he was
pleading guilty to aggravated sexual assault, with a possible punishment range of five to
ninety-nine years or life. We disagree. 

 The indictment, the plea papers, and the judgment in this case all reflect a two-count
charge of sexual assault of a child, a second degree felony. Regardless of whether Applicant
could have been charged with the greater offense, the twenty-five year sentence is not within
the punishment range for the offense with which he was charged, to which he pleaded guilty,
and for which the judgment reflects he has been convicted. 

 Habeas corpus relief is granted. The sentence in cause number 902446 from the
262nd District Court of Harris County is vacated, and the cause remanded to the trial court
for re-sentencing within the correct punishment range. Applicant's remaining claims are
denied. 

DO NOT PUBLISH

DELIVERED: March 8, 2006